UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:03:CR:178 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| ANTHONY O. MULLEN, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| ) | |

Defendant, Anthony Oddanus Mullen, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Defendant is serving concurrent sentences of 60 months' imprisonment, imposed by United States District Judge David W. McKeague on November 24, 2003, after defendant entered a plea of guilty to distribution of a quantity of heroin, 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), pursuant to a plea agreement. Defendant did not appeal.

On October 27, 2004, defendant filed a *pro se* motion pursuant to 28 U.S.C. § 2255. The motion raises a single ground for relief -- that trial counsel was ineffective for failure to object to the enhancement of defendant's sentence by the trial judge, an alleged violation of the Sixth Amendment rule "as enunciated in *Apprendi*, 530 U.S. 466, and confirmed in *Blakely*, 542 U.S. 809." (Motion, ¶ 12(A)).

On November 9, 2004, Judge McKeague referred defendant's motion to me for review and issuance of a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Rule 10, RULES

GOVERNING SECTION 2255 PROCEEDINGS IN THE DISTRICT COURTS.  Promptly after the filing of a section 2255 motion, the court must undertake a preliminary review of the motion to determine whether "it plainly appears from the face of the motion and the annexed exhibits" that petitioner is not entitled to relief in the district court.  Rule 4, RULES GOVERNING § 2255 CASES.  If so, the court "shall make an order for its summary dismissal."  *Id.*; *see Davila v. United States*, 258 F.3d 448, 450 n.2 (6th Cir. 2001).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Davila*, 258 F.3d at 452; *accord Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254).  After undertaking the review required by Rule 4, I conclude that the petition is meritless and recommend that it be summarily dismissed.

## Discussion

The facts necessary for an adjudication of defendant's motion are straightforward. Defendant was charged in a three-count indictment with distribution of heroin, 21 U.S.C. § 841(a)(1), possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  Defendant and his counsel appeared before Magistrate Judge Hugh W. Brenneman, Jr. for the entry of a guilty plea, pursuant to a plea agreement, under the guilty-plea procedure established in W.D. Mich. LCrimR 11.1.  The transcript of the plea proceeding (docket # 20) reflects careful adherence by Magistrate Judge Brenneman to the requirements of Fed. R. Crim. P. 11.  During the plea colloquy, defendant testified under oath concerning his drug-trafficking activities in Kalamazoo, Michigan, admitted his possession of a 9 millimeter semi-automatic pistol, and admitted to two prior felony drug convictions.  (Tr., 21-27).

The guilty plea was taken under advisement for review by the district judge.  The parties appeared before Judge David W. McKeague for sentencing on November 24, 2003, at which time Judge McKeague and accepted the plea and the plea agreement, entered judgment on counts 1 and 2, sentencing defendant to consecutive 60 month terms on each and dismissing count 3 pursuant to the plea agreement.  (*See* Judgment, docket # 23).  Defendant did not appeal.

Defendant now asserts that his counsel was ineffective at sentencing, for failing to object to factfinding by the trial judge that enhanced defendant's sentence under the federal sentencing guidelines.  Defendant asserts that counsel was ineffective for failing to invoke *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and to anticipate *Blakely v. Washington*, 124 S. Ct. 2531 (2004). A defendant claiming ineffective assistance of counsel must satisfy the two-pronged standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness (the performance prong) and (2) that counsel's deficient performance prejudiced defendant, resulting in an unreliable or fundamentally unfair outcome in the proceedings (the prejudice prong).  466 U.S. at 687-88, 690.  In adjudicating the performance prong, the court must judge the reasonableness of counsel's challenged conduct, viewed as of the time of counsel's conduct.  *Id.* at 690.  The court must avoid making judgments in hindsight and must indulge a "strong presumption" in favor of adequate assistance of counsel.  *Id.*

Under the *Strickland* test, defense counsel's conduct must be judged as of November, 2003, at the time counsel acted.  Defendant argues that counsel was constitutionally ineffective at that time for failing to invoke the rule of *Apprendi v. New Jersey* to object to judicial factfinding that tended to increase defendant's sentence.  In November of 2003, however, *Apprendi v. New Jersey*

was universally understood not to restrict judicial factfinding at the time of sentencing, as long as the court's decisions did not increase the *statutory* maximum sentence to which a defendant was exposed. *See, e.g., United States v. Helton*, 349 F.3d 295, 297 (6th Cir. 2003) (Once guilt has been established, "the district court may sentence the defendant to the statutory minimum, the statutory maximum, or anything in between based on its (proper) application of the Guidelines and based on its (permissible) preponderance-of-the-evidence findings under the Guidelines."). "So long as the judge does not sentence the defendant beyond the maximum levels authorized by the statute under which the defendant was convicted, . . . the district court does not run afoul of *Apprendi* or the constitutional rights that it protects." *Id.*; *accord United States v. Hughes*, 369 F.3d 941, 946-47 (6th Cir. 2004). In the present case, the statutory maximum for the distribution of heroin charge was 20 years, 21 U.S.C. § 841(b)(1)(C), and the maximum term for the felon-in-possession charge was 10 years, 18 U.S.C. § 924(a)(2). The court's imposition of concurrent 60-month sentences fell well below the statutory maximums. Under the law as it stood in November 2003, Judge McKeague's factfinding to fashion a guideline sentence was perfectly appropriate and not subject to objection under *Apprendi*.

On June 24, 2004, the Supreme Court issued its opinion in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), well after defendant's judgment became final. *Blakely* invalidated under the Sixth Amendment a statute of the State of Washington that authorized the sentencing judge to impose a sentence above the standard sentencing range if the judge found aggravating factors justified such a departure. In striking down the Washington sentencing scheme, the Court relied on its previous decision in *Apprendi*, in a way that startled virtually all knowledgeable observers. *Blakely* was not decided under federal sentencing guidelines, and the *Blakely* Court specifically

indicated that the validity of the guidelines was not before it. 124 S. Ct. at 2538 n.9.  Since that time, the lower federal courts have disagreed on the application of *Blakely* to federal sentencing under the guidelines, with the Sixth Circuit determining that the guidelines are valid despite *Blakely. See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*).  The issue is now before the United States Supreme Court.  For purposes of the present case, however, *Blakely* is irrelevant.  Counsel's performance must be judged on the basis of the law as it existed on November 24, 2003, not as it developed months later.  An attorney does not render ineffective assistance for failure to anticipate a change in the law.  *See Cott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986); *see also Campbell v. United States*, No. 02-2387, 2004 WL 1888604, at * 3 (1st Cir. Aug. 25, 2004) ("Counsel's failure to anticipate *Blakely*" did not "constitute unreasonable performance under *Strickland*."); *accord Sistrunck v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996).  This is especially true in the present case, where the sea change occasioned by *Blakely* took by surprise every federal circuit court of appeals in the nation.

       The record shows that defendant was sentenced in accordance with the law that prevailed on November 24, 2003, and that his counsel was not ineffective for failure to raise an objection that had been repeatedly rejected by the Sixth Circuit Court of Appeals.  Furthermore, defense counsel cannot be deemed ineffective for failure to anticipate *Blakely*, the effect of which on federal sentencing remains unclear to this day.  The record therefore conclusively shows that defendant's claim of ineffective assistance of counsel lacks merit.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion pursuant to 28 U.S.C. § 2255 be summarily denied.


Dated:   November 22, 2004             /s/  Joseph G. Scoville
                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).