UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                        Case No. 1:03-CR:178

v.

                                        HON. DAVID W. McKEAGUE*

ANTHONY O. MULLEN,

          Defendant.

_____/

**MEMORANDUM OPINION APPROVING AND ADOPTING
REPORT AND RECOMMENDATION**

      Now before the court is defendant's motion under 28 U.S.C. §2255 to vacate, set aside or correct his sentence. Defendant Anthony Oddanus Mullen pleaded guilty to charges of distribution of a quantity of heroin, 21 U.S.C. §841(a)(1), and felon-in-possession of a firearm, 18 U.S.C. §922(g)(1). The Court sentenced defendant on November 24, 2003, and defendant did not appeal his conviction. On October 27, 2004, defendant filed a timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. Defendant's *pro se* motion asserted a claim of ineffective assistance of counsel, claiming defense counsel failed to object to judicial factfinding by the trial judge that led to the enhancement of defendant's sentence. Defendant alleged this was in violation of the Sixth Amendment, *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000) and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The motion was referred to the United States Magistrate

_____

      *Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 10 of the Rules Governing Section 2255 Proceedings in the District Courts.

On November 22, 2004, the magistrate judge issued a report and recommendation, recommending that the motion be summarily dismissed, finding defense counsel's representation to be reasonable and effective under the *Strickland* test. Defendant filed timely objections. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the portions of the report and recommendation to which defendant objects.  For the following reasons, the Court will overrule defendant's objections and approve and adopt the magistrate judge's report and recommendation as the opinion of the Court.

## DISCUSSION

Defendant's objections to the report and recommendation merely restate his claim of ineffective assistance of counsel.  Defendant asserts that defense counsel failed to object to judicial fact finding by the trial judge, failed to invoke *Apprendi* and to failed to anticipate the United States Supreme Court's decision in *Blakely*.  Defendant's objections state:

> the system of justice failed to provide [me] with the most basic of its protections.  [I] was not made aware of the potential for challenging the sentencing guidelines procedures in order to resurrect the right to trial by jury.  The fact that this system was subject to challenge; that it had been attacked successfully in the *Apprendi* case, was not a factor made known to [me] at any time in the process

(Obj., 4). Defendant fails to show that counsel's "performance was deficient...that the representation fell  below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The magistrate judge correctly determined that defense counsel's  performance is to be judged as of November 2003, when the alleged ineffective assistance of counsel occurred.  At that

time, judges could make factual findings not reflected in the jury verdict or admitted by a defendant, to enhance a defendant's sentence, as long as the sentence fell within the statutory maximum. *See, e.g., United States v. Helton*, 349 F.3d 295, 297 (6th Cir. 2003). Defendant's concurrent 60-month sentences fell well below the statutory maximum of 20 years for distribution of heroin and 10 years for felon-in-possession. *See* 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 924(a)(2). In light of Supreme Court precedent at that time, defense counsel's refrain from objection was clearly reasonable.

As the magistrate judge stated, *Blakely* was a dramatic shift in the law. Defense counsel's failure to anticipate such a change does not constitute ineffective assistance of counsel. See *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (where Ohio law was unclear, the court found it could not conclude that defendant's counsel should have reasonably anticipated the Ohio Supreme Court's decision that finally resolved the issue).

In January 2005, the Supreme Court, rendered the Guidelines effectively advisory and applied the ruling to all cases on direct review. *United States v. Booker*, 125 S. Ct. 738, 756, 757, 769 (2005). *Booker* affords defendant no relief because defendant's case is not pending on direct review, and because the Sixth Circuit held that *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

This Court finds defendant's objections to be without merit. The magistrate judge carefully and adequately addressed defendant's claim of ineffective assistance of counsel. Defendant's objections fail to present new information to refute the conclusion the magistrate judge reached in the report and recommendation. Defendant's case is not pending on direct appeal and the rule stated in *Booker* does not apply on collateral review. Therefore, defendant's claim cannot prevail and the

3

Court will approve and adopt the magistrate judge's report and recommendation as the opinion of the Court.

## **CONCLUSION**

For all the foregoing reasons, the Court concludes that defendant's objections to the report and recommendation are overruled and his motion for relief under 28 U.S.C. § 2255 must be denied.

An order consistent with this opinion shall issue forthwith.


Dated: June 23, 2005                                        /s/    David W. McKeague
_____
                                                    DAVID W. McKEAGUE
                                                    UNITED STATES CIRCUIT JUDGE


_____