UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | Case No. 1:03-cr-178 |
| ) | |
| v.   ) | Honorable David W. McKeague[1] |
| ) | |
| ANTHONY O. MULLEN,   ) | |
| ) | **ORDER** |
| Defendant.   ) | |
| _____) | |

By memorandum opinion and order entered June 24, 2005, this court denied defendant's motion for section 2255 relief.  On July 25, 2005, defendant filed a motion for reconsideration, setting forth the same arguments previously rejected by the court.  (docket # 34). Every appellate court to consider the issue has held that motions for reconsideration are permitted in the section 2255 context, and that the standards and time limits established by Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure apply.  *See United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003).  Defendant's motion for reconsideration is untimely under Rule 59(e) standards because a Rule 59(e) motion must be filed within ten days of the entry of judgment, and the district court is powerless to extend this time.  *See Johnson v. Dellatifa*, 357 F.3d 539, 542 (6th Cir.), *cert. denied*, 125 S. Ct. 157 (2004).  Defendant did not file his motion for reconsideration until 31 days after entry of the court's order denying his section 2255 motion.  Assuming *arguendo* a mailbox rule

---

[1] Honorable David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

similar to the one adopted by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270 (1988), applies in this context, defendant did not satisfy his burden of establishing the date his motion for reconsideration was deposited with prison authorities with postage prepaid. The court cannot rely upon the date defendant signed the motion because defendant's signature is not accompanied by a signature date. Accordingly, the court finds that defendant's motion for reconsideration is untimely under Rule 59(e).

Sixth Circuit authority directs district courts to consider motions for reconsideration filed beyond the ten-day Rule 59(e) time limit as Rule 60(b) motions. *See Johnson*, 357 F.3d at 542. "'As a prerequisite to relief under Rule 60(b), a party must establish that the facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.'" *Johnson*, 357 F.3d at 543 (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). Defendant's motion for reconsideration did not invoke or attempt to apply Rule 60(b) standards. The court finds no basis under Rule 60(b) for granting defendant's request for relief from the order denying his section 2255 motion. Accordingly:

IT IS ORDERED that defendant's motion for reconsideration (docket # 34) be and hereby is DENIED.


Dated:   September 16, 2005          /s/ David W. McKeague
                                     David W. McKeague
                                     United States Circuit Judge